## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOHN DARGE, | |
| Plaintiff, | |
| | Case No. 20-cv-00989 |
| v. | |
| THOMAS J. DART, in his official capacity as Sheriff of Cook County; and, COUNTY OF COOK, as indemnitor, | Plaintiff Demands Trial by Jury |
| Defendants. | |

### FIRST AMENDED COMPLAINT

Plaintiff JOHN DARGE, by and through his undersigned attorney, Cass T. Casper, DISPARTI LAW GROUP, P.A., complains as follows against Defendants THOMAS J. DART, Sheriff of Cook County, and COUNTY OF COOK (collectively, "Defendants"):

### NATURE OF THIS ACTION

1. Plaintiff JOHN DARGE (hereinafter, "Plaintiff" or "Darge") brings this action for violations of the Title VII, 42 U.S.C. §2000e, *et seq.*, as amended (Counts I and II) based on perceived sexual orientation and reverse race discrimination, and for indemnification by Defendant County of the other Defendants pursuant to at least 745 ILCS § 10/9-102 (Count III). Plaintiff seeks all available relief, including, but not limited to, declaratory, compensatory, injunctive and equitable relief, and reasonable attorney's fees.

2. This Complaint stems from the Defendant's discrimination against DARGE based on his race (white) by subjecting him, because of his race and perceived sexual orientation (gay), to different terms and conditions of employment while assigned as a Deputy Sheriff to the Markham Courthouse.

3. This Complaint also stems from Defendant Sheriff's failure to take action to correct

the discrimination suffered by DARGE after he reported it to the Sheriff's Office of Professional Review and to commanding officers without any action having been taken.

4. In summary, DARGE was subjected to a hostile work environment based on his race (white) and perceived sexual orientation (gay) since 2017 while working as a Deputy Sheriff in the Markham Courthouse's Civil Process Unit. The hostile work environment has been so severe/pervasive that DARGE was constructively discharged from his position on March 7, 2019.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to Title VII of the Civil Rights Act, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

6. Venue is proper in this judicial district in accordance with 28 U.S.C. § 1391(b) and (c), as Plaintiff and all Defendants have their principal places of business in this district, and all events giving rise to Plaintiff's claims occurred within this district. Venue in this court is also proper pursuant to 29 U.S.C. § 626(c).

## PARTIES

7. Plaintiff is an adult Caucasian male and a citizen of the United States who resides in Cook County, Illinois. He is a former employee of Defendants SHERIFF and COOK COUNTY with the Court Services Division of the Cook County Sheriff's Office. Plaintiff is a straight male, but, as noted in this Complaint, has been perceived as being homosexual. *Cf. 1212 Restaurant Group, LLC v. Alexander*, 2011 IL App (1st) 100797 (1st Dist. 2011) (employee has standing to sue for perceived sexual orientation harassment even if the employee was not homosexual).

8. Defendant COOK COUNTY is a municipality incorporated under the laws of the

State of Illinois. COOK COUNTY administers itself through departments, one of which is the office under the authority of Defendant SHERIFF. At all relevant times, Defendant COOK COUNTY, at least through the Defendant SHERIFF, has been continuously engaged in an industry affecting commerce. Cook County is named solely as indemnitor of the other Defendants.

9. At all relevant times, Defendant THOMAS J. DART (hereinafter, "the Sheriff" or "Dart") has served as the elected Sheriff of Cook County, Illinois. Defendant Dart is sued in his official capacity only.

10. Defendant Dart is an employer in an industry affected commerce covered by Title VII in that it employs 15 or more employees for each working day in each of twenty or more calendar weeks in each calendar year.

## ADMINISTRATIVE PROCEEDINGS

11. On February 7, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based upon his sex (perceived sexual orientation) and race (white) in EEOC Charge Number 440-2019-02316. *See* Exhibit 1 (attached hereto and incorporated by reference herein).

12. On December 4, 2019, Plaintiff received a notice of right to sue letter on EEOC Charge Number 440-2019-02316. *See* Exhibit 1.[1]

13. Plaintiff's sex and race discrimination claims are, therefore, timely filed within 90 days of the receipt of the notice of right to sue letter.

14. Plaintiff's EEOC Charge was filed more than sixty (60) days prior to bringing this claim.

---

[1] The right to sue letter is signed November 12, 2019, but the letter from EEOC is not postmarked until December 2, 2019. Plaintiff avers that he first received the letter in the mail on December 4, 2019.

## FACTS COMMON TO ALL COUNTS

15. DARGE has been employed since February 28, 2000 as a Deputy Sheriff with the Court Services Division of the Cook County Sheriff's Office.

16. In or about January 2017, DARGE was assigned to the Markham Civil Process unit of Court Services, a job that entailed, *inter alia*, serving summons and complaints on individuals being sued as defendants in Cook County, Illinois.

17. At all times relevant, DARGE performed his job to his employer's legitimate expectations in Markham's Civil Process Unit.

18. After DARGE's assignment to Markham, however, he began to be subjected to a barrage of discriminatory actions because of DARGE's perceived sexual orientation[2], including, but not limited to:

    a. Being repeatedly referred to, primarily, by then-Sergeant Willie Woods ("Woods") as homosexual, "gay," "sissy," and "fruitcake" in the civil process office, during Roll Call, and around the Markham Courthouse when DARGE would see Woods.

    b. By having derogatory references to his uniform made by then-Sergeant Woods in front of other officers, including commentary that DARGE looked gay in shorts, and that DARGE was willing to engage in sexual acts with other men in his shorts.

    c. By having Sergeant McCoviak state to him that DARGE would be a "paper bitch," implying, again, that DARGE was homosexual.

    d. By having such comments made to DARGE on such a widespread and consistent

---

[2] *See Hively v. Ivy Tech Community College of Indiana*, 853 F.3d 339, 345-46 (7th Cir. 2017) (holding that discrimination based on sexual orientation constitutes sex discrimination under Title VII and recognizing that sex stereotypes and perceptions may violate Title VII); *1212 Restaurant Group, LLC v. Alexander*, 2011 IL App (1st) 100797 (1st Dist. 2011).

basis that other officers began to disrespect and ostracize DARGE because he was being referred to as gay by superior officers, in particular, Woods.

19. While DARGE holds the utmost respect for all sexual orientations, he is a straight male and found the ongoing and repeated references to him as a gay male to be offensive and denigrating, especially as the remarks were stated with the intent to offend and denigrate DARGE.

20. So too, a non-white officer who wore shorts, Corbin Redic, was not subjected to similarly degrading comments, but only directed at DARGE.

21. DARGE eventually became so frustrated with the degrading comments about his perceived sexuality that he shouted out loud in the civil process office that he was tired of being subjected to harassing comments about being gay, that it was racist and sexist, and that he wanted it to stop. When DARGE shouted this, Sergeant Woods responded immediately with the comment, "Whatever – you're still gay," and laughed at DARGE despite that DARGE was visibly upset and distressed about the barrage of constant harassing comments.

22. As a result of the constant comments about his perceived sexual orientation, DARGE was ostracized and avoided by other officers in the workplace who did not want to associate with an officer belittled and denigrated as being homosexual.

23. DARGE was also subjected to a barrage of discriminatory actions because of DARGE's race (White), including, but not limited to:

    a.   By being assigned damaged vehicles without properly working windows, wiper blades, air conditioning, and seat belts that were not given to similarly-situated non-Caucasian officers;

    b.   By being consistently assigned to the most dangerous parts of the Chicagoland

area for civil process that was not consistently assigned to similarly-situated non-Caucasian

officers;

     c.  By being a greater volume of civil process packets for service on a consistent

regular basis than was given to non-Caucasian officers; and,

     d.  By being assigned without a partner on a more consistent basis than non-

Caucasian officers, including by being assigned to high-crime areas without any partner whereas

Corbin Redic (black) and Marci Gougis-Smith (black) were consistently assigned as partners and

not assigned to high crime areas.

24. Plaintiff also notified OPR Investigator Cameron Pon regarding referencing the

foregoing activity, but DARGE was never advised of the status of any investigation, and, to his

knowledge, nothing was ever done by OPR to address his complaints.

25. After Plaintiff complained to Cameron Pon and filed a separate Complaint Register with

OPR, Plaintiff was then subjected to an internal investigation that DARGE had reason to believe

would lead to his termination.

26. The investigation was retaliation for DARGE having complained to OPR.

27. The Sheriff's actions in investigating DARGE after DARGE had complained

to command staff, to Cameron Pon, and to OPR communicated to DARGE that, in fact,

DARGE's termination was imminent so as to render DARGE's resignation a constructive

discharge. *See, e.g.*, *Bragg v. Navistar Int'l Transp. Corp.*, 164 F.3d 373, 377 (7th Cir. 1998);

*Hunt v. City of Markham, Ill.*, 219 F.3d 649, 655 (7th Cir. 2000). So too, shortly following his

retirement, his Superintendent, Carmen Navarro-Gercone, wrote on his Facebook page that "it

was time" DARGE retired and that some of DARGE's decisions caused DARGE "to make more

poor decisions and eventually snowballed into situations that required [Gercone] to take some

action." DARGE screenshotted this Facebook post and it further confirmed for him that an effort to terminate him was imminent.

28. So too, the work environment within Markham Civil Process was so hostile towards DARGE because of his race and perceived sexual orientation, that he felt he had no choice but to resign because the gay jokes from Woods and other supervisors and officers, and the discriminatory assignments, had made working conditions unbearable. *See, e.g.*, *Lindale v. Tokheim Corp.*, 145 F.3d 953, 955 (7th Cir. 1998).

29. DARGE was constructively discharged from his position as Deputy Sheriff with the Markham Civil Process unit after being subjected to the aforementioned severe/pervasive acts based on his race (Caucasian) and perceived sexual orientation (homosexual).

30. DARGE has suffered emotional distress, anxiety, humiliation, and embarrassment, because of his discriminatory treatment based on his perceived sexual orientation and race in Markham's Civil Process Unit.

31. So too, the Sheriff promoted Woods on or about August 6, 2019 despite that, to DARGE's knowledge, DARGE's OPR Complaint Register was still pending, and despite that promotions are not supposed to be given to persons with pending OPR complaints under the Sheriff's Employment Action Manual.

<u>COUNT I</u>
<u>TITLE VII VIOLATION HOSTILE WORK ENVIRONMENT BASED ON SEX FOR PERCEIVED SEXUAL ORIENTATION</u>
(Plaintiff v. Defendant Dart)

32. Plaintiff realleges and incorporates by reference all other paragraphs in this Complaint as if fully set forth herein.

33. Plaintiff is a straight man who, at all times relevant, has been subjected to gay stereotypes and perceived as a gay man by certain individuals in the Sheriff's Office.

34. Defendant Sheriff, at least through his agents, has subjected Plaintiff to a severe and pervasive hostile work environment because of DARGE's perceived sexual orientation.

35. Plaintiff notified Defendant Sheriff, at least through his agents, that such conduct was unwelcome, but Defendant Sheriff did nothing to stop such conduct.

36. The actions of Defendant Sheriff, through his agents, has caused Plaintiff mental anguish, humiliation, degradation, and emotional pain and suffering.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against all Defendants, and order Defendants to pay to Plaintiff all benefits Plaintiff would have received but for the Defendant Sheriff's sex discrimination, including pre-judgment interest; compensatory damages in an amount to be determined at trial; a permanent injunction enjoining Defendant Sheriff from engaging in the discriminatory practices complained of herein; that this Court retain jurisdiction of this case until such time as it is assured that Defendant Sheriff has remedied the policies and practices complained of herein and is determined to be in full compliance with the law; damages for actual emotional distress caused by the Defendant Sheriff's actions and omissions; an award of reasonable attorneys' fees, costs, and litigation expenses; and, such other relief as this Court may deem just or equitable.

## COUNT II
## TITLE VII VIOLATION
## HOSTILE WORK ENVIRONMENT BASED ON RACE
### (Plaintiff v. Defendant Dart)

37. Plaintiff realleges and incorporates by reference all other paragraphs in this Complaint as if fully set forth herein.

38. Plaintiff is a Caucasian male protected under Title VII.

39. Defendant Sheriff, at least through his agents, has subjected Plaintiff to a severe and pervasive hostile work environment because of DARGE's race (Caucasian).

8

40. Plaintiff notified Defendant Sheriff, at least through his agents, that such conduct was unwelcome, but Defendant Sheriff did nothing to stop such conduct.

41. The actions of Defendant Sheriff, through his agents, in intentionally engaging in and condoning race discrimination against Plaintiff has caused him mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, and other consequential damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against all Defendants, and order Defendants to pay to Plaintiff all benefits Plaintiff would have received but for the Defendant Sheriff's reverse race discrimination, including pre-judgment interest; compensatory damages in an amount to be determined at trial; a permanent injunction enjoining Defendant Sheriff from engaging in the discriminatory practices complained of herein; that this Court retain jurisdiction of this case until such time as it is assured that Defendant Sheriff has remedied the policies and practices complained of herein and is determined to be in full compliance with the law; damages for actual emotional distress caused by the Defendant Sheriff's actions and omissions; an award of reasonable attorneys' fees, costs, and litigation expenses; and, such other relief as this Court may deem just or equitable.

### COUNT III - INDEMNIFICATION
(Plaintiff v. Cook County)

42. Plaintiff realleges and incorporates by reference all other paragraphs of this complaint above as if fully set forth herein.

43. Illinois statute provides that a local public entity such as Defendant Cook County is obligated to assume financial responsibility for the actions committed by its officials or employees, such as Defendant Thomas J. Dart and the other individual Defendants hereto. *See* 745 ILCS §§ 10/1-202, 10/2-302, and 10/9-102.

9

WHEREFORE, Plaintiff respectfully requests that Defendant Cook County be directed to pay, indemnify, and assume financial responsibility for the actions and/or omissions committed by Defendant all ways for harms caused by the Defendant.

**JURY DEMANDED**

Respectfully submitted,

**JOHN DARGE**

*/s/ Cass T. Casper*

_____

Plaintiff's Attorney

Cass T. Casper (ARDC # 6303022)
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 351-2478
F: (312) 276-4930
E: ccasper@dispartilaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he served the foregoing document on all counsel of record via this Court's CM/ECF filing system on April 1, 2021, and that such counsels are all registered e-filers.

*/s/ Cass T. Casper*

_____